IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEMETRIUS BAILEY, CP-7819, )
    Petitioner, )
)
    v. ) 2:13-cv-1362
)
VINCENT MOONEY, )
    Respondent. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    Demetrius Bailey, an inmate at the State Correctional Institution at Coal Township has presented a petition for a writ of habeas corpus.[1] For the reasons set forth below, the petition will be transferred to the United States Court of Appeal for the Third Circuit for consideration as a successive petition.

    However, this is not Bailey's first challenge to his homicide conviction. As recently as May 8, 2013 Bailey sought habeas corpus relief in this Court at 2:13-cv-653. The latter petition was transferred to the Court of Appeals for consideration as a successive petition and on June 25, 2013, the Court of Appeals noted:

> Petitioner's application pursuant to 28 U.S.C. §2244 to file a second or successive 28 U.S.C. §2254 petition is denied. First, Petitioner requests relief that is unavailable under the federal habeas statutes to the extent that he does not challenge his conviction or sentence. Second, to the extent that Petitioner challenges his conviction or sentence, he has not shown that he relies on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. §2254(b)(2)(A), or newly discovered evidence that "could not have been discovered previously through the exercise of due diligence," and which demonstrates his actual innocence by clear and convincing evidence. 28 U.S.C. §2244(b)(2)(B).

---

[1] On October 7, 2013, Bailey filed "Objections" to our characterization of his petition as one filed pursuant to 28 U.S.C. §2254 and instead contends that he has submitted a "Motion to Vacate" pursuant to F.R.Civ.P. 60(b)(1). However, it is apparent from the "Motion to Vacate" that he is seeking to challenge the coroner's inquest which ultimately led to his conviction and incarceration. Clearly, this petition is not properly considered under Rule 60(b)(1) and the matter can only be construed as a petition submitted pursuant to §2254. We also noted in several of the petitioner's past filings in this Court he alleged jurisdiction in terms of Rule 60(b) petitions, and they were dismissed as such.

1

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 8th day of October, 2013, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,  
United States Magistrate Judge